lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, ex rel. )<br>PHILL KLINE, ATTORNEY GENERAL, )<br>                                    )<br>            Petitioner,          )<br>                                    )         Case No. 06-4082-JAR<br>v.                                  )<br>                                    )<br>DAVID MARTIN PRICE,         )<br>ROSEMARY DENISE PRICE,   )<br>JANICE LYNN KING, and       )<br>PRO SE ADVOCATES,          )<br>                                    )<br>            Respondents.       )<br>_____) | |

## MEMORANDUM ORDER AND OPINION
## REMANDING CASE TO STATE COURT

Petitioner State of Kansas filed an original action in *quo warranto* before the Kansas Supreme Court to enjoin the respondents from engaging in the unauthorized practice of law. On July 26, 2006, respondents filed a notice of removal (Doc. 1). This matter is before the Court on petitioner's Motion to Strike Counterclaim, Motion to Remand and Motion to Assess Fees and Sanctions for Wrongful Removal (Docs. 11 and 13). Respondents have objected and the Court is prepared to rule. Because this Court lacks subject matter jurisdiction, the motion for remand is granted.

### *Background*

On April 27, 2006, the State of Kansas ("petitioner") filed an original action in *quo warranto* before the Kansas Supreme Court seeking to enjoin David Martin Price, Rosemary Denise Price, Janice Lynn King and Pro Se Advocates ("respondents") from engaging in the

unauthorized practice of law in the State of Kansas.[1]  The Petition was served upon respondents on May 1, 2006, and they filed a motion to dismiss that same date.  Respondents filed a Notice of Removal with this Court on July 26, 2006.  The Notice of Removal ostensibly asserts a federal counter claim against petitioner and its counsel under 42 U.S.C. §§ 1983 and 1985, alleging petitioner has brought a willful, malicious and frivolous action.[2]  The Notice also appears to base removal on respondents' contention that the underlying action to enjoin the unauthorized practice of law is an infringement upon their First Amendment rights.[3]

## *Discussion*

Petitioner seeks remand on the ground that there is no basis for federal jurisdiction over the original *quo warranto* action.  "The district courts of the United States . . . are 'courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.'"[4]  A civil action is removable only if plaintiffs could have originally brought the action in federal court.[5]  The court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[6]  The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not

---

[1] (Doc. 1-2, Petition in *Quo Warranto*, Kansas Supreme Court Case No. 06-98461-S.)

[2] (Doc. 1 at 5.)

[3] *Id*. at 10-12.

[4] *Exxon Mobil Corp. v. Allapattah Servs.*, — U.S. —, 125 S.Ct. 2611, 2616-17 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[5] 28 U.S.C. § 1441(a).

[6] 28 U.S.C. § 1447(c).

affirmatively appear in the record.[7]

As the parties invoking federal jurisdiction, respondents bear the burden of proving the requirements of federal jurisdiction.[8] A defendant may remove an action to federal court pursuant to 28 U.S.C. § 1441 if the plaintiff's "well-pleaded complaint" presents a federal question, such as a federal cause of action, or demonstrates a diversity of citizenship between the parties.[9] In determining whether a "federal question" exists to justify removal jurisdiction, a court must look solely at the plaintiff's complaint rather than to any subsequent pleading or the notice of removal.[10]

The Court agrees with petitioner that removal was improper. The Petition in *Quo Warranto* consists of an action exclusively under the laws of the State of Kansas to enjoin respondents from engaging in the unauthorized practice of law within the State of Kansas.[11] "The regulation of the practice of law is a state matter,"[12] and the Tenth Circuit recently held that an action to enjoin the unauthorized practice of law did not fall within the federal district court's

---

[7]*Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1257 (D. Kan. 2004) (citing *Ins. Corp. of Ireland, Ltd. v. Compangnie des Bauxites de Guinee*, 456 U.S. 684, 702 (1982)).

[8]*In re Adoption of Baby C.*, 323 F. Supp. 2d 1082, 1084 (D. Kan. 2004), *aff'd sub nom. Baby C. v. Price*, 138 Fed. Appx. 81, 2005 WL 1377812 (10th Cir. June 10, 2005) (citation omitted).

[9]*See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[10]*In re Adoption of Baby C*, 323 F. Supp. 2d at 1084 (citing *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978)).

[11]*See McCormick v. City of Lawrence*, 253 F. Supp. 2d 1156, 1161 (D. Kan. 2003) (discussing background regarding prosecution for unauthorized practice of law in Kansas, noting that having the Attorney General bring an action in *quo warranto* is the appropriate procedural vehicle to inquire into a person's authority to practice law) (citations omitted).

[12]*Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569 n.6 (10th Cir. 1993) (citation omitted).

federal question jurisdiction.[13]  Moreover, plaintiff's purported federal law counter claim does not create federal question jurisdiction justifying removal, nor can jurisdiction be conferred by counterclaim.[14]  Likewise, it is well-established that a case may not be removed to federal court on the basis of a federal defense, including a constitutional defense based on First Amendment considerations.[15]  Finally, respondents failed to timely comply with 28 U.S.C. § 1446(b), which requires a notice of removal of a civil action or proceeding within thirty days of service.  Respondents were served on May 1, 2006, but did not file their notice of removal until July 26, 2006, just under three months after service.  Accordingly, the Court remands this action to the Kansas Supreme Court.

The Notice of Removal also cites 28 U.S.C. § 1443, which provides in relevant part:

> Any of the following civil actions . . . , commenced in a State court may be removed by the defendant to the district court of the United States . . . ;
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or all persona within the jurisdiction thereof.

Section 1443(1) removal petitions must meet a two-part test.[16]  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific

---

[13] *New Mexico ex rel. Stein v. Western Estate Servs., Inc.*, 139 Fed. Appx. 37, 38, 2005 WL 1525261, at * 1 (10th Cir. June 29, 2005).

[14] *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) and cases cited therein; *In re Adoption of Baby C.*, 323 F. Supp. 2d at 1085 (citing *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d at 1380).

[15] *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 n.2 (2002) (neither a federal defense nor counterclaim can "serve as the basis for 'arising under' jurisdiction"); *Wallace v. Wiedenbeck*, 985 F. Supp. 288, 291 (N.D.N.Y. 1998).

[16] *People of State of Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990).

civil rights stated in terms of racial equality."[17]  "Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State."[18]  Respondents' Notice of Removal plainly does not satisfy the requirements for removal of a civil rights case under § 1443.  There are no allegations that the state court claims implicate specific civil rights protecting racial equality or that such rights were denied or cannot be enforced in state court.[19]

Having no jurisdiction over this case, the Court will not address any other pending matters or arguments, except the matter of attorney's fees and costs.[20]  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court recently explained the appropriate standard for awarding such fees under the statute:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes"

---

[17] *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotation and citation omitted).

[18] *Id.* (quotation and citation omitted).

[19] *See In re Marriage of King v. Zeigler*, Case No. 04-4158-SAC, 2004 WL 3037968, at *2 (D. Kan. Dec. 16, 2004), *aff'd sub nom. King v. Zeigler*, 138 Fed. Appx. 60, 2005 WL 1332319 (10th Cir. June 7, 2005).

[20] Pending matters are: respondents' Motions for Order to Show Cause (Docs. 3, 4, 5 and 9); respondent's Motion for Clerk's Default (Doc. 8); and petitioner's Motion to Strike Counterclaim (Docs. 11 and 13).

of awarding fees under § 1447(c).[21]

For the reasons set forth in its determination that remand of the case is required, the Court concludes that respondents lacked an objectively reasonable basis for seeking removal. Although respondents proceed *pro se*, they are familiar with the procedures and limitations on removal jurisdiction, having previously removed actions from state court to federal court that were remanded.[22]  Petitioner was required to devote time and resources responding to a facially meritless motion, as well as multiple orders to show cause filed by respondents.  As such, the Court will require respondents to pay petitioner attorney's fees and costs expended in defending this frivolous removal litigation.  Petitioner is hereby ordered to submit an accounting of its attorney's fees and costs associated with the improper removal of this action.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's motion to remand (Doc. 11 and 13) is GRANTED;

**IT IS FURTHER ORDERED** that the Court awards petitioner reasonable attorney's fees and costs incurred as a result of respondents' improper removal.  Petitioner shall submit a full accounting of its attorney's fees and costs within twenty (20) days of this Order.

IT IS SO ORDERED.

Dated this 26th day of September 2006.

        S/ Julie A. Robinson
        Julie A. Robinson
        United States District Judge

---

[21]*Martin v. Franklin Capital Corp.*, — U.S. —, 126 S.Ct. 704, 711 (2005) (citations omitted).

[22]*See In re Marriage of King v. Zeigler*, Case No. 04-4158-SAC, 2004 WL 3037968 at *1-2 (removal was found frivolous and sanctions were imposed by Judge Crow); *In re Adoption of Baby C.*, 323 F. Supp. 2d at 1082 (remanded for lack of subject matter jurisdiction and untimely removal; attorney's fees assessed).