lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, ex rel.<br>PHILL KLINE, ATTORNEY GENERAL,<br><br>Petitioner,<br><br>v.<br><br>DAVID MARTIN PRICE,<br>ROSEMARY DENISE PRICE,<br>JANICE LYNN KING, and<br>PRO SE ADVOCATES,<br><br>Respondents. | Case No. 06-4082-JAR |

### MEMORANDUM AND ORDER DENYING RESPONDENTS' REQUEST FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

On April 27, 2006, the State of Kansas ("petitioner") filed an original action in *quo warranto* before the Kansas Supreme Court seeking to enjoin David Martin Price, Rosemary Denise Price, Janice Lynn King and Pro Se Advocates ("respondents") from engaging in the unauthorized practice of law in the State of Kansas.[1] Respondents filed a Notice of Removal with this Court on July 26, 2006, which ostensibly asserted a federal counterclaim against petitioner and its counsel under 42 U.S.C. §§ 1983 and 1985, alleging petitioner has brought a willful, malicious and frivolous action.[2] On September 26, 2006, this Court remanded the proceedings to the Kansas Supreme Court for lack of subject matter jurisdiction (Doc. 18).

On October 3, 2006, respondents filed a "Request for Leave of Court to File an Amended

---

[1] (Doc. 1-2, Petition in *Quo Warranto*, Kansas Supreme Court Case No. 06-98461-S.)

[2] (Doc. 1 at 5.)

Notice of Removal to Federal Jurisdiction for Questions of Constitutionality" (Doc. 19).  It appears respondents propose to amend their Notice of Removal to add Jack Lively, a Commissioner appointed by the Kansas Supreme Court in the *quo warranto* proceedings, as a third-party petitioner.  The basis of their Notice of Removal remains the same.

At the outset, the Court questions whether it has jurisdiction to consider this motion.  This case was remanded to state court on September 27, 2006, and a certified copy of the order of remand was sent to the Kansas Supreme Court that date.  The general statutory provision governing the reviewability of remand orders is 28 U.S.C. § 1447(d), which provides that where a remand order is based on grounds permitted by § 1447(c), i.e., lack of subject matter jurisdiction, the order is unreviewable.[3]  This Court remanded based on lack of subject matter jurisdiction, and thus the remand order is unreviewable.  Accordingly, the Court lacks jurisdiction to entertain respondents' motion for leave to amend.

Even if the Court had jurisdiction, it would not grant respondents' request for leave to amend.  Respondents' motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides:

> A party may amend the party's pleading once as a matter of course
> at any time before a responsive pleading is served . . . . Otherwise,
> a party may amend the party's pleading only by leave of court or
> by written consent of the adverse party; and leave shall be freely
> given when justice so requires.

In this case, respondents' motion was filed after petitioner had filed its motion to remand; in fact, the motion to amend was filed after the Court had entered an order granting the motion to remand.

---

[3] *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *In re Stone Container Corp.*, 360 F.3d 1216, 1218 (10th Cir. 2004).

Although Rule 15 requires that leave to amend "be freely given when justice so requires," whether leave should be granted is within the trial court's discretion.[4] The factors the court should consider in determining whether to allow amendment of a pleading are undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of the amendment.[5]  In order to justify denying leave to amend based on futility, the proposed amendment must be clearly futile.  The court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted.[6]

In this case, adding Jack Lively as a third-party petitioner would be futile, as the Court would still lack subject matter jurisdiction.  As the Court explained in its order of remand, the Petition in *Quo Warranto* consists of an action exclusively under the laws of the State of Kansas to enjoin respondents from engaging in the unauthorized practice of law within the State of Kansas.[7]  Moreover, respondents' purported federal law counterclaim does not create federal question jurisdiction justifying removal, nor can jurisdiction be conferred by counterclaim or on the basis of a federal defense.[8]  Adding Jack Lively as a third-party petitioner does not create federal question jurisdiction, and thus respondents' request for leave to amend is denied as futile.

Having no jurisdiction over this case, the Court will not address any other pending

---

[4] *Castleglen, Inc., v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971)).

[5] *Foman v. Davis,* 371 U.S. 178 (1962); *Castleglen,* 984 F.2d at 1585.

[6] *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

[7] (Doc. 18 at 4.)

[8] *Id.*

matters, including respondents' "Sixth Motion to Show Cause" (Doc. 21).

**IT IS THEREFORE ORDERED BY THE COURT** that respondents' Request for Leave to Amend (Doc. 19) is DENIED.

IT IS SO ORDERED.

Dated this 18th day of October 2006.

    S/ Julie A. Robinson
Julie A. Robinson
United States District Judge